UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWARMA STACKZ LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAY JWAD, *et al.*,<br><br>　　　　　Defendants. | Case No. 21-cv-01263-BAS-BGS<br><br>**ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR AN EXPEDITED BRIEFING SCHEDULE (ECF No. 33)** |

Before the Court is Defendants' *ex parte* application for an order shortening the time for Plaintiff to respond to Defendants' motion to permit the installation of a new restaurant or in the alternative permit the sale of the location, liquidation, and transfer of the lease ("Motion"). (Defs.' Mot., ECF No. 32; *Ex Parte* App., ECF No. 33.) Defendants claim that this *ex parte* relief is necessary to avoid the financial hardship imposed on Defendants because of the Court's December 8, 2021 Order granting Plaintiff's motion for preliminary injunction ("Order"). (ECF No. 24.) Plaintiff opposes the application. (*Ex Parte* App. at 2.)

"'*Ex parte* applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief.'" *Langer v. McHale*, 13-CV-2721-CAB-NLS, 2014 WL 4922351, at *2 (S.D. Cal. Aug. 20,

2014) (quoting *Clark v. Time Warner Cable*, No. CV 07-1707-VBF(RCX), 2007 WL 1334965, at *1 (C.D. Cal. May 3, 2007)). "The 'opportunities for legitimate *ex parte* applications are extremely limited.'" *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). To be proper, an *ex parte* application must demonstrate good cause to allow the moving party "to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Accordingly, the use of an *ex parte* procedure is justified only when: "(1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (*i.e.*, to file an overlong brief or shorten the time within which a motion may be brought)." *Horne*, 969 F. Supp. 2d at 1205 (citing *Intermagnetics*, 101 B.R. at 193). "[T]he moving party must show that . . . it either did not create the circumstances warranting *ex parte* relief or that the circumstances occurred as a result of excusable neglect." *Al Otro Lado, Inc. v. Wolf*, No. 17-CV-02366-BAS-KSC, 2020 WL 8617490, at *1 (S.D. Cal. Dec. 7, 2020).

This district's civil local rules further require that in support of any *ex parte* application, the moving party must submit an affidavit or declaration stating:

> (1) that within a reasonable time *before* the motion the [moving] party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party's attorney.

Civ. L.R. 83.3(g).

Here, Defendants' *ex parte* application fails both procedurally and substantively, and the Court thus denies the application. Procedurally, Defendants have not submitted an

affidavit or declaration as required under Civ. L.R. 83.3(g). Substantively, Defendants' financial hardship argument in Defendants' Motion does not provide a basis for the requested *ex parte* relief because, as this Court has found in its December 8, 2021 Order, the alleged injury was caused by Defendants. In their Motion and supporting declaration, Defendants argue that their Miami restaurant's closure has left its former employees unemployed and Defendants at the risk of filing for bankruptcy. (Jwad Decl. ¶ 3, ECF No. 32-1.) The Court has addressed Defendants' alleged financial hardship before and finds, as it has previously, that it is the Defendants who have brought on the risk of bankruptcy or loss of its employees by engaging in conduct that potentially infringes upon Plaintiff's protected marks. (Order at 39–40, ECF No. 24.) Therefore, Defendants have not made an adequate showing warranting the requested *ex parte* relief. *See Al Otro Lado*, 2020 WL 8617490, at *1.

Accordingly, the Court **DENIES** Defendants' *ex parte* application. (ECF No. 33.)

**IT IS SO ORDERED.**

DATED: January 14, 2022

Hon. Cynthia Bashant
United States District Judge