# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWARMA STACKZ LLC,<br><br>                     Plaintiff,<br><br>  v.<br><br>JAY JWAD, *et al.*,<br><br>                     Defendants. | Case No. 21-cv-01263-BAS-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION FOR PERMANENT INJUNCTION (ECF No. 45); AND**<br><br>**(2) ENTERING PERMANENT INJUNCTION** |

On April 15, 2022 the parties submitted their Joint Motion to file First Amended Complaint, indicating they have reached a settlement of this matter and noting that the settlement "includes a Stipulated Permanent Injunction." (ECF No. 42.) The parties also indicated that "[u]pon entry of the Stipulated Permanent Injunction, [they] will request a stay of this litigation to allow performance of the financial terms of settlement prior to dismissal with prejudice." (*Id*.) On April 20, 2022, this Court entered an Order granting Plaintiff leave to file its First Amended Complaint and requiring the parties to file their Stipulated Permanent Injunction with this Court. (ECF No. 43.) The Parties have since

filed their First Amended Complaint (ECF No. 44) as well as their Joint Motion for Permanent Injunction (ECF No. 45). In their motion, the parties confirm that they "stipulate and agree to entry of the permanent injunction[.]" (ECF No. 45.) Upon review of the Permanent Injunction, the Court **GRANTS** the Joint Motion. (*Id*.) *See Dexter v. Kirschner*, 984 F.2d 979, 984 (9th Cir. 1992) (noting that stipulations between parties are generally adopted by courts and should not be lightly set aside); *Levi Strauss & Co. v. California Denim Res. Inc.*, No. C 00-0415 MMC, 2001 WL 348973, at *2 (N.D. Cal. Mar. 16, 2001) (entering permanent injunction in connection with a settlement). Attached to this Order is the signed Permanent Injunction, originally filed within ECF No. 45.

The Court finds there is no just reason for delay in entering the Permanent Injunction, and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court **DIRECTS** immediate entry of the Permanent Injunction against Defendants.

**IT IS SO ORDERED.**

**DATED: April 25, 2022**

Hon. Cynthia Bashant
United States District Judge

**PERMANENT INJUNCTION**

Jay Jwad ("Jwad"), Hussam Jawad ("Hussam"), and Vision Global Entertainment Corp. ("VGEC") (together, "Defendants") and their agents, servants, employees, successors, licensees and assignees, and all persons, firm entities, partners, or corporations in active concert or participation with Defendants, are permanently enjoined from doing, threatening, or attempting to do or causing to be done, either directly or indirectly, by any means, method, or device, any of the following acts:

1. Directly or indirectly infringing, using, or displaying Plaintiff Shawarma Stackz LLC's ("SSL") SHAWARMA STACKZ trademarks and brand materials (the "Marks") or any confusingly similar mark or trade name, including but not limited to Defendants' THE SHAWARMA STACKZ HOUSE names and/or trademarks ("Defendants' Marks") in any manner or for any purpose, including but not limited to, in advertising, promoting, producing, distributing, selling, offering for sale, or giving away any services or products which infringe, use, or display the Marks, or any confusingly similar marks or trade names, including specifically:

   a) Using any term that is likely to be confused with the Marks;

   b) Falsely representing, misleading, or deceiving consumers into believing that services or products advertised, promoted, produced, distributed, sold, or offered for sale by Defendants originate from SSL or its SHAWARMA STACKZ restaurants, or are sponsored, approved, licensed by, or associated with SSL or its SHAWARMA STACKZ restaurants, or that Defendants or their services or products are in some way associated or affiliated with SSL or its restaurants, including but not limited to, in advertising, promoting, producing, distributing, selling, offering for sale, or giving away any services or products;

   c) Passing off, inducing, or enabling others to sell or pass off any product or service as and for products or services produced or provided by SSL;

   d) Filing or maintaining any trade name, business license, d/b/a, or similar document using the Marks or any mark confusingly similar thereto; and

   e) Registering, using, or trafficking in any domain name, third-party delivery platform account, point-of-sale account, social media account, and/or other electronic accounts, containing or consisting of the Marks or any mark confusingly similar thereto.

 2. Operating the restaurant located at 241 NW 24th St., Miami, FL 33127 ("Restaurant"), in a manner that uses SSL's Marks and/or SSL's proprietary brand materials, product recipes and recipe information, and operational protocols ("Materials").

 3. Using the Materials for any other purpose of any kind, including but not limited to: (a) using the Materials in connection with any business venture; (b) transferring the Materials to any third party; and/or (c) publishing the Materials.

 4. Possessing the Materials or any copy thereof.

 5. Taking any action that would constitute a breach of Sections 15.6(B), (C), or (D) of SSL's Franchise Agreement with Hussam, except to the extent SSL expressly waived such rights under the Franchise Agreement in the Parties' contemporaneously executed Settlement Agreement in this action.

**IT IS SO ORDERED.**

DATED: April 25, 2022

*Cynthia Bashant*

The Honorable Cynthia A. Bashant

---

STIPULATED PERMANENT INJUNCTION
CASE NO. 21-CV-1263-BAS-BGS

3